UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

OSBORNE YOUNG,

                Defendant.

_____

**REPORT AND RECOMMENDATION**

12-CR-00210-RJA-JJM

        This case has been referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings. Before me is defendant's motion to suppress evidence recovered from three cellular telephones that were seized from him at Lewiston Bridge Port of Entry in Lewiston, New York on April 29, 2012 [23].[1] Oral argument was held on December 11, 2012 [30]. At that time, I directed the government to provide me with a copy of the May 31, 2012 search warrant and application for these cellular telephones, and advised the parties that unless I determined that an evidentiary hearing was warranted, the motion to suppress would be taken under advisement [29].

        For the following reasons, I conclude that no hearing is necessary, and I recommend that defendant's motion to suppress be denied.

**BACKGROUND**

        Defendant is charged in a three-count Indictment [11] with importation of 1-benzylpiperazine ("BZP"), a Schedule I controlled substance, in violation of 21 U.S.C. §952 (count 1), possession of BZP with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and

---

    [1]    Bracketed references are to the CM/ECF docket entries.

841(b)(1)(C), and fraudulent importation of merchandise into the United States, in violation of 18 U.S.C §545 (count 3).[2] Defendant was the driver of a tractor-trailer which attempted to enter the United States from Canada at the Lewiston Port of Entry on April 29, 2012. Booth Affirmation [23-1], ¶4. "During the border investigation, a quantity of BZP was recovered from inside the refrigeration unit in the defendant's truck and he was placed under arrest." Id. "The arresting officials seized three cell phones belonging to the defendant. One cell phone was removed from his person and two from inside his truck. Sometime thereafter, in the absence of consent, a search warrant or exigency, each of the cell phones was searched and evidence was recovered from them." Id., ¶5. Defendant denies giving permission for the officers to examine or search his cellular telephones. Defendant's Affidavit [23-1], ¶5.

On May 31, 2012, I signed three search and seizure warrants ([28-1], pp. 14-22 of 22) authorizing the search and seizure of these three cell phones, which were each supported by the Affidavit of Department of Homeland Security Investigations Special Agent Christopher Nasca. SA Nasca states that he found the first cellular telephone on defendant's person and he reviewed it, locating a text message. [28-1], ¶11. A second cellular telephone was located in the glove box of the tractor driven by defendant and on the next day an inventory search of the cab of the tractor recovered a third cellular telephone. Id., ¶¶12-13. There is no indication in SA Nasca's Affidavit that either the second or third cellular telephones were searched.[3]

---

[2]  The Indictment [11] also contains two forfeiture allegations.

[3]  However, the government states that two of the cellular telephones were searched. Government's Memorandum of Law [27], p. 3.

Defendant seeks suppression of the three cellular telephones and requests a suppression hearing, arguing that the "belatedly obtained . . . search warrant . . . [did] not render the initial warrantless intrusion lawful". Booth Affirmation [23-1], ¶6. He also argues "that tainted evidence was used to obtain the search warrant". Id. The government responds that "there is no factual basis to support the motion to suppress, and [defendant's] motion papers . . . do not specify any factual dispute that would require a hearing on this issue". Government's Memorandum of Law [27], p. 6. It argues that the search of defendant's cellular telephones was part of a valid border search (id., pp. 17-22) and a valid search incident to arrest (id., pp. 22-24). Although defendant had an opportunity to reply to the government's arguments (Amended Scheduling Order [26], ¶2), he did not file a reply.

**ANALYSIS**

"It is well established that the government has broad powers to conduct searches at the border even where . . . there is no reasonable suspicion that the prospective entrant has committed a crime . . . . Routine searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant". Tabbaa v. Chertoff, 509 F.3d 89, 97–98 (2d Cir. 2007). "[A] suspicionless search at the border is permissible under the Fourth Amendment so long as it is considered to be 'routine'" Id. at 98.

Even a "non-routine" border search is valid "if it is supported by reasonable suspicion". United States v. Irving, 452 F.3d 110, 124 (2d Cir. 2006). "[F]actors that courts may consider in making the reasonable suspicion determination, includ[e] unusual conduct of the

defendant, discovery of incriminating matter during routine searches, computerized information showing propensity to commit relevant crimes, or a suspicious itinerary." Id.

"The precise line between what is routine and what is not routine . . . has not been clearly delineated." Tabbaa, 509 F.3d at 98. Nevertheless, it is well settled that "searches of a person's luggage or personal belongings are routine searches". Irving, 452 F.3d at 123-24. Searches of computers and electronic devices are likewise considered routine searches that may be conducted in the absence of reasonable suspicion. *See* United States v. Arnold, 533 F.3d 1003, 1008 (9th Cir. 2008), cert. denied, 555 U.S. 1176 (2009) ("reasonable suspicion is not needed for customs officials to search a laptop or other personal electronic storage devices at the border"); United States v. Linarez-Delgado, 259 Fed.Appx. 506, 508, 2007 WL 4525200, *1 (3d Cir. 2007) ("Data storage media and electronic equipment, such as films, computer devices, and videotapes, may be inspected and viewed during a reasonable border search"); United States v. Bunty, 617 F.Supp.2d 359, 364 -365 (E.D.Pa. 2008) ("Although the Supreme Court has not addressed specifically the search of computer equipment at the border, other federal courts have agreed that such searches do not require reasonable suspicion" (citing cases)). Therefore, I conclude that the review of the contents of defendant's cellular telephones was a permissible border search. *See* United States v. Kyle, 2011 WL 176038, *2 (N.D.Cal. 2011) (rejecting argument that a search of the defendant's "computer and cell phone for e-mails, text messages and a record of his telephone calls . . . exceeded the permissible scope of a border search because they were not searching for contraband").

Moreover, even if the search of the cellular telephones could be considered "non-routine", it was justified by the prior discovery of BZP in defendant's tractor trailer, which

created reasonable suspicion. Defendant's citation at oral argument to my decision in United States v. Ighodaro, 2012 WL 5373453 (W.D.N.Y.), adopted 2012 WL 5373450 (W.D.N.Y. 2012) (Arcara, J.) is unavailing. In Ighodaro, I stated that "I need not address whether the search of the cell phones would be considered routine or non-routine, since reasonable suspicion to search the cell phones existed from the discovery of narcotics in defendant's vehicle, where the cell phones were recovered". 2012 WL 5373453, *7.

I am not required to hold an evidentiary hearing where the defendant's moving papers fail to "state sufficient facts which, if proven, would have required the granting of the relief requested". United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969), cert. denied, 396 U.S. 1019 (1970). Since defendant's own version of events makes clear that the search of his cellular telephones was a valid border search, I recommend that his motion to suppress be denied without an evidentiary hearing. See United States v. Sutter, 340 F.3d 1022, 1027 (9th Cir.), opinion amended on denial of rehearing, 348 F.3d 789 (9th Cir. 2003), cert. denied, 541 U.S. 950 (2004) ("Because the search of Sutter's trunk was, under the border search doctrine, proper even absent reasonable suspicion, no evidentiary hearing on that issue was required. The district court properly denied Sutter's motion without a hearing").[4]

## CONCLUSION

For these reasons, I recommend that defendant's motion to suppress [23] be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and

---

[4] In view of this conclusion, I need not address the government's alternative argument that the search of the cellular telephones was also a valid search incident to arrest. See government's Memorandum of Law [27], Point VII.

Recommendation must be filed with the clerk of this court by February 4, 2013 (applying the time frames set forth in Fed. R. Crim. P. ("Rules") 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: January 16, 2013

      /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge