UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

            v.                              DECISION AND ORDER
                                                  12-CR–210

OSBORNE YOUNG,
                      Defendant.
_____

## INTRODUCTION

Before the Court is defendant Osborne Young's ("defendant") opposition to the Government's request for forfeiture of: (1) One 1995 Peterbilt Tractor, Model 379, Vehicle Identification Number 1XP5DB9X7SN367813; and (2) One 1997 Utility Trailer, Vehicle Identification Number 1UYVS2489VM334802, based upon his conviction on August 26, 2013. For the following reasons, defendant's opposition to the request for forfeiture is denied.

## DISCUSSION

Defendant was found guilty, following a jury trial, of knowingly, intentionally and unlawfully importing 1-benzylpiperazine (BZP) into the United States from Canada, in violation of 21 U.S.C. §952; knowingly, intentionally and unlawfully possessing with intent to distribute BZP, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(c); and fraudulently and knowingly importing and bringing into the

United States a quantity of BZP, in violation of 18 U.S.C. §545.  The first allegation of forfeiture, contained in the Indictment, sought forfeiture of property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the offenses charged in the Indictment.  Specifically, the Government seeks forfeiture of one 1995 Peterbilt Tractor, Model 379, Vehicle Identification Number 1XP5DB9X7SN367813 and one 1997 Utility Trailer, Vehicle Identification Number 1UYVS2489VM334802 (the "tractor trailer").  The Government also seeks forfeiture of the sum of $3,864.84 in United States currency found in defendant's possession at the time of his arrest.  The Government and defendant agreed that the Court would determine the forfeiture allegations in the Indictment pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure.

   Defendant filed a motion opposing the Government's request for forfeiture of the tractor trailer, on the grounds that he intends to appeal the conviction. Defendant asks the Court to refrain from granting forfeiture at this time and instead await the results of his appeal.  Defendant argues that he will be prejudiced in the event that the Government is permitted to move forward with forfeiture and his appeal is successful, since the tractor trailer will have already been converted and he will be left to litigate, at his own expense, the return of the its value.  The defendant does not appear to object to the forfeiture of the currency.

Rule 32.2 of the Federal Rules of Criminal Procedure directs a sentencing court to "determine what property is subject to forfeiture under the applicable statute."  Pursuant to Rule 32.2, the court's forfeiture determination may be based on evidence already in the record...or...on evidence or information presented by the parties at a hearing after the verdict or finding of guilty." *United States v. Capoccia*, 503 F.3d 103, 109 (2d. Cir. 2007).  The evidence adduced at trial may be utilized to determine the forfeiture issues, and the burden of proof to be applied when determining a criminal forfeiture count is preponderance of the evidence.  *See* Fed. R. Crim. P 32.2(b)(1); *United States v. Gaskin*, 364 F.3d 438, 461-62 (2d. Cir. 2004).  The Court finds that, based upon the trial evidence, there is a sufficient nexus between the tractor trailer and the amounts of currency seized from defendant, and the offenses set forth in Counts 1 and 2 of the Indictment, to warrant forfeiture of both the tractor trailer and the currency.

Also pursuant to Federal Rule of Criminal Procedure 32.2(d), the Court has the discretion to stay an order of forfeiture.  When considering a request to stay an order of forfeiture pending an appeal, a sentencing court may consider the following factors: "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property." *United States v. Peters*, 784 F. Supp. 2d 234 (WDNY 2011).  The Court has considered each of these factors, and finds that a

stay is not appropriate here.

To begin, defendant has not set forth any arguments in support of his likelihood of success on appeal.  The Court has had the benefit of listening to all of the trial testimony and viewing all exhibits.  Based upon the evidence presented at trial, the Court finds that defendant has not established a likelihood of success on appeal.  In addition, the tractor trailer has depreciated in value over the past year, and will continue to depreciate while the appeal is pending.  There has been no showing that the tractor trailer has some type of intrinsic, meaningful or sentimental value to defendant, such that there are no available substitutes or, in the event defendant's appeal is successful, that he could not be made whole through monetary compensation.  Finally, the Government has incurred costs in storing and maintaining the tractor trailer for over a year, and will continue to incur daily costs in the event of a stay.  Thus, it appears that all four factors weigh against granting a stay with respect to forfeiture of the tractor trailer.

## **CONCLUSION**

For the foregoing reasons, defendant's request for a stay of the Court's order of forfeiture is denied.


SO ORDERED.

_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   April 24, 2014